# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANGELINA M. GREENE,

    Plaintiff,

v.

CAL-WESTERN RECONVEYANCE CORPORATION, et al.,

    Defendants.

2:12-CV-765 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Angelina Greene's motion to remand this action to state court. Doc. #11. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Federal National Mortgage Association ("Fannie Mae") have filed an opposition (doc. #13), to which defendant Cal-Western Reconveyance ("Cal-Western") submitted a motion to join (doc. #14). Plaintiff has filed a reply. Doc. #15.

**Background**

Plaintiff filed a complaint in state court against defendants on April 10, 2012. (Doc. #1, Ex. A). Plaintiff claims that defendants engaged in deceptive business practices and violated NRS chapter 107 when defendants instituted foreclosure proceedings on plaintiff's property. Defendants removed the action to federal court on May 8, 2012, contending that diversity jurisdiction was satisfied. (Doc. #1).

. . .

**James C. Mahan**
**U.S. District Judge**

**Discussion**

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over federal question controversies and actions involving citizens from diverse states. Pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Where the complaint does not establish the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Moreover, pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff first argues that the court should realign the parties so that defendants are plaintiffs for purposes of removal. Pursuant to 28 U.S.C. § 1441(a), only defendants have the right to remove a case from state court to federal court. Thus, if the court realigns the parties, as plaintiffs MERS, Fannie Mae and Cal-Western would not have the right to remove the case.

In support of her assertion that the court should realign the parties, plaintiff cites several cases, including two United States Supreme Court cases: *Chicago, R.I & P.R. Co. v. Stude*, 346 U.S. 574 (1954) and *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570 (1907). The court realigned the parties in those cases because the relevant state law classified the parties in a manner contrary to federal law. *See Stude*, 346 U.S. at 580. The court held that federal law determines the identities of plaintiffs and defendants for removal purposes. *Id.*

. . .

**James C. Mahan**
**U.S. District Judge**

1  The cases are inapposite. Here, plaintiff instituted the case in state court. The complaint asks the court to enjoin any foreclosure and award damages. Thus, plaintiff has acted as a plaintiff throughout the course of this case. It would be inappropriate to realign the parties, and the court declines to do so.

Second, plaintiff argues that the $75,000 amount in controversy requirement has not been met. Specifically, plaintiff notes that the complaint only seeks recovery in excess of $10,000. Further, plaintiff argues that the injunctive relief claims do "not amount to a monetary award."

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002). In this case, the unpaid debt at issue is for $334,549.27. Therefore, the amount in controversy requirement is met. Accordingly, the court declines to remand this case to state court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #11) be, and the same hereby is, DENIED.

DATED July 5, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -